UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JOHN DOE

                     Petitioner,

      -against-

THOMAS DECKER, *in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement*, KIRSTJEN NIELSEN, *in her official capacity as Secretary of the U.S. Department of Homeland Security*, JEFFERSON B. SESSIONS, III, *in his official capacity as Attorney General of the United States*, and U.S. DEPARTMENT OF HOMELAND SECURITY,

                     Respondents.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 3573 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

Petitioner John Doe, by and through counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C § 2241, 28 U.S.C. § 1651, and Article I, Section 9, of the U.S. Constitution, challenging his continued detention without a bond hearing. (Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1.) Petitioner is a lawful permanent resident of the United States who has resided in this country since April 20, 1998. (*Id.* ¶ 1 (citing Pet., Ex. 1 (Immigrant Visa and Alien Registration), ECF No. 1-1.)) On or around September 25, 2017, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner and served him with a Notice to Appear, charging him as removable because of his felony conviction in New York State. (*Id.* ¶¶ 3, 28; Pet., Ex. 3 (Notice to Appear), ECF No. 1-3, at 1; *see also* N.Y. Penal Law § 130.80.)[1]

---

[1] The date on which ICE detained Petitioner is unclear. Petitioner alleges both that he was "arrested by [ICE] on September 25, 2017, and has been in ICE custody . . . ever since," (Pet. ¶ 28 (emphasis added)), and that "[o]n or about September 27, 2017, . . . Respondents arrested [Petitioner] and placed him in civil immigration detention," (*id.* ¶ 3 (emphasis added)). Meanwhile, Respondents allege that "ICE arrested [Petitioner] on September 25, 2017, and since September 26, 2017 has detained [him]." (Decl. of Christopher I. Santiago, ECF No. 32, ¶ 3 (emphasis added).)

Petitioner's habeas petition, filed on April 23, 2018, requests that this Court (1) enjoin Respondents from moving Petitioner from the New York City area while the habeas proceedings are pending, (2) issue a writ of habeas corpus declaring Petitioner's detention as unjustified and ordering Petitioner's release, (3) issue, alternatively, a writ of habeas corpus ordering Petitioner's release within 30 days unless Respondents schedule a hearing before an immigration judge, (4) declare that Petitioner's continued detention is a violation of the Due Process Clause of the Fifth Amendment, the Eighth Amendment, and the Immigration and Nationality Act, and (5) award Petitioner costs and attorneys' fees. (Pet. at 29–30.) Subsequently, on August 29, 2018, ICE released Petitioner pursuant to the Board of Immigration Appeals ("BIA") decision *Matter of J.M. Acosta*, 27 I. & N. Dec. 420 (B.I.A. 2018). (Mem. of Law in Supp. of Resp'ts' Mot. to Dismiss the Pet. As Moot ("Resp'ts' Mem."), ECF No. 46, at 2; Pet'r's Reply to Resp'ts' Mot. to Dismiss ("Pet'r's Mem."), ECF No. 48, at 3.) Petitioner's immigration proceedings, however, remained pending. (Resp'ts' Mem. at 3; Pet'r's Mem. at 3.) Respondents now move to dismiss Petitioner's habeas petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). (Resp'ts' Mot. to Dismiss, ECF No. 44.)

Before this Court is Magistrate Judge Kevin Nathaniel Fox's April 4, 2019 Report and Recommendation ("Report"), recommending that Respondents' motion to dismiss be granted.[2] (Report, ECF No. 56, at 8.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*See* Report at 8.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

---

[2] The relevant factual and procedural background are set forth in greater detail in the Report and is incorporated by reference herein.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II. THE PETITION FOR WRIT OF HABEAS CORPUS IS DENIED

### A. Petitioner's August 29, 2018 Release from ICE's Custody Moots the Petition.

Magistrate Judge Fox correctly found that dismissal of the petition for lack of subject matter jurisdiction is warranted, given Petitioner's release from ICE's custody. Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (citation omitted).

"A case that becomes moot at any point during the proceeding is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts."

3

*United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (citation and internal quotation marks omitted). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "Thus, as a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, the relief Petitioner seeks in his habeas petition is based entirely on his detention by Respondents. (*See* Pet. at 29–30.) As such, his release from detention has made it "impossible for th[is] [C]ourt to grant any effectual relief." *Blackburn*, 461 F.3d at 261. Indeed, courts within the Second Circuit have routinely held that "a petitioner's release from custody generally moots a habeas petition challenging that custody." *Sokolov v. Holder*, 13 Civ. 0947 (PAE), 2013 WL 12377011, at *2 (S.D.N.Y. Aug. 13, 2013) (collecting cases). Magistrate Judge Fox therefore correctly found that Petitioner's release moots the instant petition. (Report at 7.)

## B. The Capable of Repetition, Yet Evading Review Exception Does Not Apply.

Magistrate Judge Fox also appropriately found that the exception to the mootness doctrine for cases capable of repetition, yet evading review does not apply. The party asserting this exception must demonstrate that (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *United States v. Juvenile Male*, 564 U.S. 932, 938 (2011) (alteration in original) (citation and internal quotation marks omitted). Here, although Petitioner's immigration proceedings remained pending following his release, Magistrate

4

Judge Fox correctly determined that Respondents' refusal to join a motion to terminate such proceedings does not by itself establish any actual or threatened injury against Petitioner by Respondents. (Report at 7.) As the Report notes, Petitioner otherwise provided only "conclusory allegations" of any future detention by Respondents. (Report at 7; *see* Pet'r's Mem. at 5–6.) As such, Petitioner has not established that the capable of repetition, but evading review exception applies.

### C. The Voluntary Cessation Exception Does Not Apply.

Finally, Magistrate Judge Fox properly found that ICE's release of Petitioner on August 29, 2018 was not a "voluntary cessation of the challenged conduct." (Report at 8.) "Voluntary cessation does not moot a case or controversy unless subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) (alteration in original) (citation and internal quotation marks omitted). Here, Respondents did not "voluntarily cease" Petitioner's detention. (Resp'ts' Mem. at 9.) Rather, they released Petitioner pursuant to a BIA decision holding that "a conviction does not attain a sufficient degree of finality for immigration purposes until the right to direct appellate review on the merits of the conviction has been exhausted or waived." *Acosta*, 27 I. & N. Dec. at 432. (Resp'ts' Mem. at 2; Pet'r's Mem. at 2.) As such, Magistrate Judge Fox was correct to conclude that the voluntary cessation doctrine does not apply to this case.

5

## III. CONCLUSION

Magistrate Judge Fox's Report is ADOPTED. Respondent's motion to dismiss the habeas petition, (ECF No. 44), is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
June 18, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge